KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
(785) 825-4674 [Phone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARNOLD LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-04036 |
| | ) |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., | ) ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS,**
<u>**AND ORDER FOR SECOND A MEDIATION**</u>

Plaintiff, Arnold Long, hereby moves the Court for an Order awarding him Attorneys' Fees and Costs arising from mediation on September 20, 2019, along with an Order for a Second Mediation. In support of his motion, Plaintiff states and alleges as follows:

1. On or about May 17, 2019, plaintiff filed an action for breach of an insurance contract and defendant filed an answer on or about June 14, 2019. [Doc. 1 & 4]

2. On July 23, 2019, the court entered a Scheduling Order that required mediation, which was to be completed by November 1, 2019. [Doc. 10]

3. On August 13, 2019, mediation was set for September 20, 2019. The mediator was to be Timothy J. Finnerty and the mediation was to take place at Mr. Finnerty's office in Wichita, Kansas.

4. On September 5, 2019, Mr. Finnerty sent a letter to counsel for the parties confirming the mediation. A copy of the letter is attached hereto as Exhibit "A" and by reference made a part hereof. The letter asked that the parties submit contentions as to facts and legal theories. The letter reiterated that the parties with authority to settle the case be present, in person, unless released from that obligation by agreement. No agreement was entered into. The letter further emphasized that D. Kan. Rule 16.3 would apply to the mediation.

5. On September 20, 2019, the parties met at Mr. Finnerty's office in Wichita.

6. Klint A. Spiller, a senior associate at Kennedy Berkley Yarnevich & Williamson, Chartered represented Plaintiff. He was accompanied by a Law Clerk, Quinn R. Kendrick, to assist with the mediation. Plaintiff, Arnold Long, appeared with full meaningful authority to settle the dispute.

7. Mark E. Meyer, attorney of record, appeared on behalf of Defendant, American Family Mutual Insurance Company ("American Family"). No representation of American Family appeared for the mediation. Mr. Meyer had limited authority to settle the matter and did not have full meaningful authority to settle the dispute. Quite the contrary, he only had a maximum of $20,000.00 to settle the case.

## **SANCTIONS**

8. The limited monetary authority of $20,000.00 is not full meaningful authority to settle a claim for $320,000.00.

9. D. Kan. Local Rule 16.3(c)(2) provides that unless the Court provides permission, attendance at mediation by a party or its representative with settlement authority is mandatory. The purpose is to have the party or representative who can settle the case present at the mediation. D. Kan. Local Rule 16.3(c)(2).

10. The Kansas District Court was faced with this issue on first impression in 2002. The court determined that moving forward it would sanction a party for its failure to participate in good faith in a court ordered mediation. *Turner v. Young,* 205 F.R.D. 592, 595 (D. Kan. 2002). The court stated that "settlement authority" means "full, meaningful, authority." *Id.* In *Turner*, the court determined that a $25,000.00 monetary limit on a representative at mediation meant that the representative did not have settlement authority. *Id.* The court refused to award sanctions because the parties were not put on notice; however, moving forward sanctions would be imposed. *Id.*

11. In another Kansas District Court case, the court determined that a representative that had limited monetary authority did not have "full, meaningful authority." *Inter-Ocean Seafood Trader, Inc. v. RF Int'l, LTD.*, 2013 U.S. Dist. LEXIS 15312 at *5 (D. Kan. Feb. 5, 2013). The court in *Inter-Ocean* also stated that a party's participation in a mediation by the attorney of record alone, whatever his authority, will rarely be sufficient. *Id.* at *5.

12. In this matter, Mr. Meyer, attorney of record, appeared alone with limited authority. This does not comply with the rules imposed on parties participating in mediation. Mr. Meyer did not have full, meaningful, authority nor did American Family mediate in good faith. Also, as the court indicated in *Inter-Ocean*, counsel of record appearing alone, whatever his authority, is rarely sufficient. This would especially be true for counsel of record appearing alone with limited authority. Plaintiff expended numerous hours preparing and attending mediation, along with other mediation costs.

13. American Family should be sanctioned pursuant to Fed. R. Civ. P. 16(f). D. Kan. Local Rule 16.3(c)(5). Mr. Meyer did not have settlement authority pursuant to D. Kan. Local Rule 16.3(c)(2) and American Family failed to participate in good faith in the mediation.

14. In addition to sanctions, the Court should impose attorney's fees and costs associated with mediation. In addition to attorney's fees, courts are generally open to assessing law clerk's or law student's fees in association with attorneys' fees. *See Missouri v. Jenkins*, 491 U.S. 274, 278 (1989); *Peterson-Hooks v. First Integral Recovery, LLC*, 2013 U.S. Dist. LEXIS 73907 at *22-23 (D. Colo. May 24, 2013); *Williams v. N.Y. City Housing Auth.*, 975 F. Supp. 317, 326 (S.D.N.Y 1997); *Larsen v. JBC Legal Group, P.C.*, 588 F. Supp. 2d 360, 364 (E.D.N.Y. 2008). Quinn R. Kendrick is a 3L law student at Washburn University School of Law set to graduate in December of 2019. During the mediation, he provided valuable legal research and discussion.

15. Plaintiff's attorneys' fees associated with mediation are $4,260.00. A copy of which is attached hereto as Exhibit "B" and by reference made a part hereof. Plaintiff's costs from mediation are $797.50. A copy of the bill is attached hereto as Exhibit "C" and by reference made a part hereof.

WHEREFORE, plaintiff respectfully request the court order sanctions against American Family; that the court award attorneys' fees related to mediation in the amount of $4,260.00; that the court order costs of mediation in the amount of $797.50; and requests such other and further relief the Court deems necessary.

## SECOND MEDIATION

16. Mr. Meyer, attorney of record for defendant, attended the mediation and did not have settlement authority on September 20, 2019.

17. No other representative of defendant was present.

18. A second mediation should be ordered, and American Family should be required to have a representative attend the mediation with settlement authority, which shall mean "full meaningful authority."

WHEREFORE, Plaintiff, respectfully requests that this Court order a second mediation; that American Family be ordered to attend mediation with settlement authority, which shall mean "full meaningful authority" to settle the matter; and requests such other and further relief the Court deems necessary.

RESPECTFULLY SUBMITTED:

/s/ Larry G. Michel
Larry G. Michel, #14067
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I, Larry G. Michel, certify that on the 27th day of September, 2019, a true and correct copy of the above and foregoing **PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND ORDER FOR A SECOND MEDIATION** was filed using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system.

/s/ Larry G. Michel
Larry G. Michel

5