Mark E. Meyer     KS#209888
600 SW Jefferson Street, Suite 301
Lee's Summit, MO  64063
(816) 356-2100 Telephone
(877) 292-1075 Facsimile
mmeyer@amfam.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ARNOLD LONG, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 5:19-CV-04036 |
| v. | ) | |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND ORDER FOR SECOND MEDIATION

COMES NOW Defendant, by and through Counsel, and for his Reply to the Plaintiff's Motion for Attorney's Fees and Costs and Order for Second Mediation states the following. The Plaintiff seeks attorney's fees and costs for attending a failed mediation and an order for a second mediation. The Plaintiff's Motion should be denied for the following reasons.

1. The undersigned counsel attended the mediation with authority to settle this case and offered $20,000 at the said mediation.

2. The Defendant's $20,000 was significantly more than the value of the case. The Defendant attended through its counsel and participated in good faith.

3. The value of the Defendant's Claim is significantly less than the $20,000 offered for the following reasons:

1

a. In his application for the subject policy of insurance the Plaintiff represented that no one in his household had been convicted of a felony. This representation was false and material because the Plaintiff has been convicted of the following felonies (these are the felonies presently known to Plaintiff and the Defendant reserves the right and opportunity to cite felony convictions which are subsequently discovered in future pleadings):

    i. Oklahoma County, Oklahoma, Case Number CF-2000-946. Felony Convictionsfor: Possession of a Controlled Dangerous Substance, Possession of Drug Paraphenalia and Maintaining a Dwelling House where a Controlled Dangerous Substance is Kept.

    ii. Greer County Oklahoma, Receiving Stolen Property, 1989

    iii. Greer County Oklahoma, Sale of Marijuana, 1988

The Plaintiff's material misrepresentation of his felony convictions voids coverage under the policy and/or excludes the subject claim from coverage pursuant to the following provision of the policy.

*General Conditions*:

3. **Concealment Or Fraud**.

a. This policy was issued in reliance upon the information and warranties in your insurance application.

We may void this policy from its inception if you:

(1) concealed or misrepresented any material fact or circumstance; or
(2) made false statements; in your application.

b. Coverage under Section I of this policy is not provided for any insured if, before or after a loss, any insured has:

(1) concealed or misrepresented any material fact or circumstance;

      (2) presented any altered or falsified document or receipt;
      (3) engaged in fraudulent conduct; or
      (4) made false statements; relating to this insurance or any claim under this policy.

Accordingly, this claim has a value which is significantly less than $20,000.

b. In his application for the subject policy of insurance the Plaintiff represented that he was the owner of the property. This representation was false and material because the owner of the property was the Plaintiff's brother, Kerry Long, who was named as an "additional interest" by the Plaintiff and who has already been paid with respect to the claim for damage to the real property at issue. With respect to the subject property, the Plaintiff produced to the Defendant a contract for deed for the installment purchase of the subject property which was dated less than two months prior to the subject loss. This misrepresentation voids coverage under the policy and/or excludes the subject claim from coverage pursuant to the following provision of the policy.

    *General Conditions*:

    3. **Concealment Or Fraud**.

    a. This policy was issued in reliance upon the information and warranties in your insurance application.

    We may void this policy from its inception if you:

    (1) concealed or misrepresented any material fact or circumstance; or
    (2) made false statements; in your application.

    b. Coverage under Section I of this policy is not provided for any insured if, before or after a loss, any insured has:

    (1) concealed or misrepresented any material fact or circumstance;
    (2) presented any altered or falsified document or receipt;
    (3) engaged in fraudulent conduct; or
    (4) made false statements; relating to this insurance or any claim under this policy.

    The contract for deed which was produced to the Defendant provides for a purchase price of $225,000 for a property which was assessed by the local taxing authority as having a value of $33,000. That same contract for deed does not provide for the repayment of any interest and provides for the repayment of $225,000 in monthly installments of $800, which would provide for the payment of the purchase price over a period of 23 years. The Plaintiff is over sixty. Accordingly, the value of this claim is significantly less than $20,000.

c. In support of his present claim for personal property, the Plaintiff's documentation of the ownership and value of the property for which he is making a claim consists of a hand written list of property which include the following excerpted items of note (these are non-exclusive excerpts from a 22 page list):

    i. 100 pairs of jeans valued at $8,000

    ii. 40 dress pants and 40 dress shirts valued at $4,000

    iii. 22 coats valued at $2,200

    iv. 200 T-Shirts valued at $9,000

    v. 50 Hoodies valued at $2,000

    vi. 45 pairs of pajamas valued at $2,025

    vii. 60 pairs of flip flops and sandals valued at $2,940

    viii. 45 pairs of shorts valued at $1,575

    ix. 45 tank tops valued at $1,575

    x. 48 wash cloths valued at $600

The only documentation of the personal property alleged to have been damaged or destroyed is the hand written list prepared by the Plaintiff. Accordingly, the value of the claim is significantly less than the $20,000 offered by the Defendant at mediation.

4. The Defendant appeared with full authority to settle for significantly more than the claim is worth, considering the issues set forth above. The Defendant remains committed to complying with the Court's Orders in good faith, as it did with the Court's Order regarding mediation.

5. The Plaintiff's Motion is not well founded and should be denied.

WHEREFORE, the Defendant moves the Court to dismiss the Plaintiff's Motion and for such other relief as the Court deems just and proper.

_____
MARK E. MEYER           KS #20988
600 SW Jefferson St. Suite 301
Lee's Summit, MO 64063
(816) 356-2100, ext. 59355 Telephone
(877) 292-1075 Facsimile
mmeyer@amfam.com
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that the original of the foregoing has been executed by the undersigned and a copy of same has been electronically filed with Kansas Courts eFiling and a copy is being sent via email to Larry G. Michael, email: lmichel@kenberk.com, Attorney for Plaintiff, this 8th day of October, 2019.

_____
Mark E. Meyer