KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
(785) 825-4674 [Phone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARNOLD LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-04036 |
| | ) |
| AMERICAN FAMILY MUTUAL INSURANCE | ) |
| COMPANY, S.I., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO MOTION FOR ATTORNEYS' FEES AND COSTS,
AND ORDER FOR SECOND MEDIATION**

Plaintiff, Arnold Long, hereby submits the following reply to the response of Defendant to the Motion for Attorneys' Fees and Costs arising from mediation on September 20, 2019, along with a request for an order for a second mediation. In support of his motion, Plaintiff states and alleges as follows:

1. In its response, Defendant fails to deny or rebut the fact that its counsel did not have full, meaningful authority to settle this case. Plaintiff's original demand was for $320,000 for personal property destroyed in a fire. As admitted in Defendant's response, Plaintiff provided a 22-page list of the property for which he is making claim. Counsel admits that he came to the mediation with only $20,000 authority to settle the case.

1

2. In support of Defendant's failure to mediate in good faith, it argues that Plaintiff is barred from coverage for failing to reveal a prior criminal record. Plaintiff denies this argument as a factual matter, but more importantly, Kansas law precludes this defense as a legal matter. Specifically, K.S.A 40-2205(C) provides that "The falsity of any material statement in the application for any policy covered by this act may not bar the right to recovery thereunder unless the false statement has actually contributed to the contingency or event on which the policy is to become due and payable." In other words, this statute provides that an insurance provider cannot deny coverage based on the allegation that the policyholder provided false information in his or her application unless that false information was material, or in this instance, made it more or less likely that a fire would occur to Plaintiff's house. Clearly, criminal convictions from 20-30 years ago are not material to a fire in Plaintiff's home that is in no way related to criminal activity.

3. Defendant also contends that Plaintiff misrepresented his ownership of the subject property. Again, as acknowledged by Defendant, Plaintiff was in the process of buying the home from his brother on a contract for deed. The insured property was properly insured by Plaintiff and does not constitute a legitimate basis for denial of coverage.

4. Finally, Defendant makes no attempt to respond to the letter of the mediator, Tim Finnerty, indicating his expectation that a person with full authority pursuant to the Court's expectations. On September 5, 2019, Mr. Finnerty sent a letter to counsel for the parties confirming the mediation. A copy of the letter is attached to Plaintiff's original motion as Exhibit "A" and by reference made a part hereof. The letter specifically reiterated that the parties with authority to settle the case be present, in person, unless released from that obligation by agreement. The letter further emphasized that D. Kan. Rule 16.3 would apply to the mediation.

WHEREFORE, plaintiff respectfully request the court order sanctions against Defendant; that the court award attorneys' fees related to mediation in the amount of $4,260.00; that the court order costs of mediation in the amount of $797.50; that this Court order a second mediation; that Defendant be ordered to attend mediation with full, meaningful settlement authority; and such other and further relief the Court deems necessary.

RESPECTFULLY SUBMITTED:

/s/ Larry G. Michel
Larry G. Michel, #14067
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I, Larry G. Michel, certify that on the 11th day of October, 2019, a true and correct copy of the above and foregoing **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR ATTORNEYS' FEES AND COSTS, AND ORDER FOR A SECOND MEDIATION** was filed using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system.

/s/ Larry G. Michel
Larry G. Michel