# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ARNOLD LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-4036-HLT-ADM |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff's Motion for Attorneys' Fees and Costs, and Order for Second Mediation (ECF No. 15). Plaintiff Arnold Long seeks an award of fees and expenses and an order directing a second mediation because he contends that Defendant American Family Mutual Insurance Company, S.I. did not act in good faith when it sent only its attorney to mediation and that attorney lacked the authority to meet Mr. Long's settlement demand. For the reasons stated below, the court finds that there is insufficient information to determine whether American Family's representative had full settlement authority to meet any reasonable settlement demand by Mr. Long. However, the court grants Mr. Long's motion and awards the requested sanctions because American Family has not met its burden to show that it meaningfully participated in mediation when it sent only its attorney of record to attend the mediation.

## I.     BACKGROUND

Mr. Long's complaint alleges that he purchased a property insurance policy from American Family that provided $224,100 for dwelling coverage and $224,100 for personal property coverage. (ECF No. 1 ¶ 6.) After a grease fire caused significant damage to Mr. Long's home and personal property, he made a claim for the policy limits. (*Id.* ¶ 10.) At the time, Mr. Long was in

the process of purchasing the home from his brother pursuant to a contract for deed. (*Id.* ¶ 7.) American Family tendered payment to Mr. Long's brother for property damage to the house, but it denied coverage for Mr. Long's personal property on the basis that Mr. Long lied on his policy application by failing to disclose that he had a 20-year-old conviction for possession of marijuana. (*Id.* ¶ 12.) American Family's answer also asserts other policy exclusions. Mr. Long asserts a breach of contract claim and also seeks an award of attorneys' fees and costs pursuant to KAN. STAT. ANN. § 40-256. (*Id.* ¶ 19.)

The scheduling order required the parties to mediate by November 1, 2019. (ECF No. 10, at 3.) The parties scheduled mediation with Timothy J. Finnerty on September 20, 2019. In advance of the mediation, Mr. Finnerty reminded the parties that both they "and their counsel with authority to settle the case will be present unless specifically released from that obligation by the parties' agreement." (ECF No. 15-1, at 2.) He further reminded the parties that D. KAN. RULE 16.3 applies to mediation of cases pending in federal district court in the District of Kansas. (*Id.*) The parties met at Mr. Finnerty's office. Mr. Long attended personally along with counsel and a law clerk working at counsel's firm. No representative of American Family attended in person other than its counsel of record. According to Mr. Long, defense counsel only had authority to settle the case for $20,000, which was far less than Mr. Long's demand of $320,000. Mr. Long argues that defense counsel lacked full settlement authority and that sending only counsel to mediation was insufficient.

American Family contends that defense counsel had full settlement authority because $20,000 represents significantly more than the value of the case. American Family points to various policy exclusions to argue that the policy is void, including the "concealment or fraud" exclusion. American Family notes that the contract for deed between Mr. Long and his brother

provided a purchase price of $225,000 for the property, which, according to American Family, was assessed by the county taxing authority as having a value of only $33,000. American Family also states that the contract for deed provides for repaying the $225,000 in monthly installments of $800, which would result in a 23-year repayment period. American Family also disputes Mr. Long's property damage calculation. The insurer appears to suggest that Mr. Long's 22-page non-exhaustive list of personal property destroyed in the fire is not credible. The list includes losses for, among other things, 100 pairs of jeans valued at $8,000, 40 pairs of dress pants and 40 dress shirts valued at $4,000, 50 hooded sweatshirts valued at $2,000, 45 tank tops valued at $1,575, and 48 washcloths valued at $600. (ECF No. 16, at 4.)

## II. ANALYSIS

When a scheduling order requires mediation, a party that fails to comply with D. KAN. RULE 16.3 may face sanctions under FED. R. CIV. P. 16(f). *See* D. KAN. RULE 16.3(c)(5) (providing for sanctions under FED. R. CIV. P. 16(f)); FED. R. CIV. P. 16(f)(1)(C) (providing for sanctions for failing to obey a scheduling order); *Turner v. Young*, 205 F.R.D. 592, 595 (D. Kan. 2002) (finding that failing to send a representative with settlement authority exhibits "a lack of good faith, and could warrant sanctions under FED. R. CIV. P. 16(f)"); *see also Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). Mr. Long moves for sanctions on two grounds: (1) he contends that defense counsel lacked meaningful settlement authority under D. KAN. RULE 16.3 and *Turner v. Young*, 205 F.R.D. 592, 595 (D. Kan. 2002); and (2) he also argues that defense counsel's participation alone was insufficient under *Inter-Ocean Seafood Trader, Inc. v. RF Int'l, Ltd.*, No. 12-2268-KGG, 2013 WL 441065, at *2 (D. Kan. Feb. 5, 2013). The court addresses each of these issues.

3

A.      **Whether Defense Counsel Had Adequate Settlement Authority**

D. KAN. RULE 16.3(c)(2) governs participants who are required to attend mediation. It requires (among other things) each "party or its representative with settlement authority" to attend the mediation along with the party's attorney responsible for resolution of the case. D. KAN. RULE 16.3(c)(2). In *Turner v. Young*, the Honorable James P. O'Hara, United States Magistrate Judge, decided that the requirement to send a party representative with settlement authority extends to a mediation session facilitated by a private mediator. 205 F.R.D. at 593-95. Thus, the law in this district is clearly established that American Family was required to send a party representative with settlement authority to the court-ordered mediation in this case. But that is where the facts of this case depart from those in *Turner*.

In *Turner*, defense counsel sent a letter to plaintiff's counsel in advance of the mediation requesting permission for the claims handler with settlement authority to participate in the mediation by telephone. *Id.* at 593. Plaintiff's counsel objected, and the parties had no further dialogue about this in advance of the mediation. *Id.* Defense counsel came to mediation with Scott Glow, a claims handler who had $20,000 in settlement authority. *Id.* at 593-94. As the mediation proceeded, Glow called Tony Sarchet, a claims representative at the home office, to clarify the scope of Glow's settlement authority. *Id.* at 594. When the parties reached an impasse that day, Plaintiff's last demand was $32,500 and the defendant's final offer was $20,000. *Id.* Magistrate Judge O'Hara explained that "attendance" under the local rule "means to appear in person and participate directly, not to stand by or participate by phone"; that "a person with settlement authority does not need to pick up the phone to call anyone else to find out whether he or she can go any higher or lower"; and that a person with settlement authority is "the" decisionmaker "who has authority to meet the other party's demand, even if he or she chooses not

to do so." *Id.* at 595. Magistrate Judge O'Hara determined "Glow is a paradigm example of the type of person who does not have the required settlement authority" because he had to call Sarchet to clarify the scope of his settlement authority; thus, Sarchet was the person with the required settlement authority and the defendant should have sent him to the mediation. *Id.* at 595.

Here, plaintiff contends that sanctions are warranted under *Turner* because defense counsel's limited $20,000 in settlement authority was not full, meaningful authority to settle a $320,000 claim. The court disagrees. The court's decision in *Turner* did not turn on whether Glow's $20,000 in settlement authority was adequate compared to the plaintiff's $32,500 demand. To the contrary, in *Turner*, the defendant insurer had already decided that the most it was willing to offer to settle the plaintiff's claims was $25,000. *Id.* at 595. So, it would not have mattered even if the defendant insurer had sent Sarchet to personally attend the mediation because he also would not have had authority to meet the plaintiff's $32,000 demand. Yet the court still determined that Sarchet was "the" decisionmaker with full, meaningful settlement authority—but this was because Glow had to pick up the phone to call Sarchet to clarify the scope of his settlement authority. Thus, the court's determination of the relevant decisionmaker rested on the inability to make decisions without checking with someone else. 205 F.R.D. at 595; *see also, e.g.*, *Inter-Ocean Seafood Trader*, 2013 WL 441065, at *2 (finding that a representative did not have full settlement authority when he needed to communicate with "moving parts").

Thus, the court rejects plaintiff's reliance on the court's statement in *Turner* to the effect that settlement authority means "authority to meet the other party's demand." *Id.* at 595. For the reasons set forth above, the undersigned understands that statement from *Turner* to be dicta. But even though that statement may have been dicta in *Turner*, authority to meet the other party's demand *could* be a relevant factor in an appropriate case. But a plaintiff seeking sanctions on the

basis of the party representative having inadequate settlement authority must, at a minimum, demonstrate that the plaintiff's settlement demand was reasonable and that the defendant's settlement offer was unreasonable. Here, Mr. Long has not presented any evidence suggesting that his $320,000 demand was reasonable or that American Family's $20,000 offer was unreasonable. On the other hand, American Family provides at least some minimal basis for its settlement offer, which Mr. Long addresses only by generally disputing the applicability of the policy exclusions. But, even setting aside whether any policy exclusions apply, the record is insufficient for the court to determine that plaintiff's $320,00 settlement demand is reasonable. So, based on the record, the court cannot find that defense counsel lacked full, meaningful settlement authority solely because he only had $20,000 in settlement authority. The court therefore declines to award sanctions under *Turner*.

### B. Defense Counsel as Party Representative

Mr. Long also relies on *Inter-Ocean Seafood Trader, Inc.* as another basis for his request for sanctions. In that case, the court sanctioned a party who sent its attorney to mediation, finding the individual lacked meaningful settlement authority. 2013 WL 441065, at *2. The court also observed that "a party's participation in a mediation by the attorney of record alone, whatever his authority, will rarely be sufficient." *Id.* The court reasoned that the purpose of mediation is to engage both the parties and the attorneys and that "delegating full authority to the attorney frustrates this purpose by insulating the party from the mediator's counsel and advice." *Id.* The court also noted that D. KAN. RULE 16.3 contemplates attendance by a party representative *and* counsel. *Id.*; *see also* D. KAN. RULE 16.3(c)(2) (stating that a party or its representative must attend and the party's attorney(s) "must *also* be present" (emphasis added)). And the court recognized that the Kansas Rules of Professional Conduct, adopted by this court, require lawyers to keep

6

clients reasonably informed about the status of a matter. KAN. RULE PROF. CONDUCT 1.4(a); *see also* D. KAN. RULE 83.6.1(a) (adopting the Kansas Rules of Professional Conduct). The comments to this rule require an attorney to promptly inform the client of any settlement offer and to keep the client advised about the status of the matter "[e]ven when a client delegates authority to the lawyer." *Id.* at cmt. 1.

Mr. Long's opening brief relied on *Inter-Ocean* for the proposition that "counsel of record appearing alone, whatever his [or her] authority, is rarely sufficient." (ECF No. 15, at 3.) American Family's response brief does not address this argument. American Family does not explain how sending only counsel to mediation met the purpose of mediation outlined in the local rules—"to improve communication among the parties and provide the opportunity for greater litigant involvement in the earlier resolution of disputes[.]" D. KAN. RULE 16.3(a). The mediator's letter to the parties also expressly contemplated attendance by the "parties *and* their counsel" and reminded the parties that D. KAN. RULE 16.3 governed mediation in this case. (ECF No. 15-1, at 2.) If American Family did not intend to bring a client representative with settlement authority to mediation, it should have notified the mediator and Mr. Long about this sufficiently in advance of the mediation so that they could have determined how to proceed, and/or American Family should have sought the appropriate permissions to have the client representative excused from personally attending the mediation. American Family did neither. Instead, American Family's counsel showed up at the mediation alone, unaccompanied by any client representative. Meanwhile, Mr. Long (and his counsel) took the time to appear personally for mediation—as ordered by the court and under the parameters set forth by the mediator. American Family failed to fully participate by sending only counsel to mediation. Furthermore, American Family had fair notice that it could be

subjected to sanctions for this because another judge in this district awarded sanctions for the same thing in *Inter-Ocean*.

## III. CONCLUSION

For these reasons, the court agrees with Mr. Long that American Family should pay his reasonable attorneys' fees and the costs of the mediation. Mr. Long seeks $4,260 in attorney's fees and $797.50 in mediation costs, supported by documentary evidence. The court reviewed these materials and finds that the number of hours billed and the fees sought are reasonable, as is the amount charged by the mediator. American Family has not addressed and does not dispute the reasonableness of these charges. Accordingly, the court directs American Family to tender payment to Mr. Long in the amount of $5,057.50 by **November 21, 2019.**

Mr. Long also requests that the court order a second mediation. Again, American Family does not address this request. The court will also grant this aspect of the motion. Mediation is still warranted given American Family's failure to properly participate in the first mediation. The court therefore directs the parties to contact the magistrate judge's chambers at [ksd_mitchell_chambers@ksd.uscourts.gov](mailto:ksd_mitchell_chambers@ksd.uscourts.gov) to schedule a mediation before the undersigned.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs, and Order for Second Mediation (ECF No. 15) is granted.

**IT IS SO ORDERED.**

Dated November 7, 2019, at Topeka, Kansas.

s/Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
