# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ARNOLD LONG,

    **Plaintiff,**

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, S.I.,

    **Defendant.**

Case No. 5:19-CV-04036-HLT

## MEMORANDUM AND ORDER

Plaintiff Arnold Long has sued Defendant American Family Mutual Insurance for breach of contract. Long alleges that American Family wrongfully denied him coverage under a homeowners policy after the home Long was living in was damaged by a fire. American Family claims it denied coverage for Long's personal property and voided the policy because Long failed to disclose that he did not actually own the house and that he had a prior felony conviction—facts American Family claims were material to his application—and because his claim for lost personal property is fraudulent. Doc. 29 at 2-6. Both parties move for summary judgment. Docs. 21, 30.

In his motion, Long argues that American Family waived its defense that he misrepresented his ownership of the house, and that its defense based on Long's failure to disclose his prior conviction is barred by Kansas law. But American Family has not waived any defense and the Kansas statute relied on by Long does not apply in this case. Further, Long has failed to support his motion with evidence and thus he is not entitled to summary judgment. American Family summarily argues in its motion that it properly denied coverage based on Long's misrepresentations. But questions of fact remain and American Family has failed to meaningfully analyze Long's claim of breach of contract. Accordingly, the Court denies both motions.

## I. BACKGROUND[1]

Long signed an insurance application with American Family for homeowners insurance. Doc. 31 at 1-2. On the application, the question, "Has anyone in your household been convicted of a felony?" was marked "No." *Id.* at 2. Long had previously been convicted of a felony but does not recall being asked about it when he applied for insurance. *Id.* at 3; Doc. 32 at 3.

Long answered "Yes" to the questions "Will the applicant be the owner of the home?" and "Will the owner occupy the dwelling within 30 days of the policy effective date?" Doc. 31 at 2. The application also indicated that Long's brother had an interest in the property, which was described as "Titleholder/Deedholder." Doc. 32 at 3. At the time he applied for insurance, Long was in the process of purchasing the home under a contract for deed from his brother. *Id.* The parties dispute the status of Long's ownership at the time he applied for the policy, and thus they dispute whether these answers are misrepresentations. The parties also dispute whether these answers, or the answer about prior felony convictions, are material to the insurance contract.

The property was subsequently damaged by fire. Doc. 22 at 2; Doc. 24 at 2. American Family paid Long's brother for property damage to the house, but it denied Long's claim for lost personal property. Doc. 24 at 3-5. American Family then voided the policy and returned the premiums paid by Long due in part to Long's failure to disclose his prior felony conviction and his statements about who owned the house. *Id.* at 8; Doc. 26 at 3. Long disputes that American Family had any legal basis for voiding the policy and now sues for breach of contract. Doc. 26 at 3; *see also* Doc. 29 at 3.

---

[1] For purposes of summary judgment, the Court discusses only the facts that are uncontroverted.

## II. STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to demonstrate that genuine issues remain for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Courts view the facts and any reasonable inferences in a light most favorable to the non-moving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "An issue of material fact is genuine if a 'reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III. ANALYSIS

Both parties move for summary judgment. But although the claim in this case is ostensibly for breach of contract, *see* Doc. 1 at 4, neither party specifically analyzes—or even discusses—that claim. Instead, Long argues that American Family's defenses are barred as a matter of law. American Family merely asserts it properly denied coverage. Each motion is discussed in turn.

### A. Long's Motion for Summary Judgment (Doc. 21)

#### 1. American Family did not waive its defense based on Long's alleged misrepresentation regarding ownership.

Long first contends that American Family cannot defend its denial of coverage based on an alleged misstatement about who owned the property because it did not assert that as a reason when it initially denied coverage. Doc. 22 at 3-5. If an insurer voids an insurance contract based on an insured's failure to comply with a particular policy provision, it cannot later defend its decision to void coverage based on a different policy provision. *Hennes Erecting Co. v. Nat'l Union Fire Ins. Co.*, 813 F.2d 1074, 1079-80 (10th Cir. 1987).

The only evidence Long cites in support of this argument are the letters denying coverage sent by American Family.[2] Long contends that those letters show that American Family denied coverage based solely on Long's failure to disclose his prior conviction, and that American Family is now limited to that defense. Doc. 22 at 3-5.

The problem with Long's argument is that those letters do not state <u>any</u> specific factual reason for denying coverage. The letters instead make a general denial of coverage based on one or more policy <u>provisions</u>, including provisions that exclude coverage for loss attributable to illegal acts, illegal drugs, intentional acts, or neglect, and a general condition against concealment or fraud. *See generally* Doc. 22-1; *see also* Doc. 24 at 5. There is no reference at all to Long's conviction in any of the letters. Accordingly, Long's argument that American Family waived all other defenses because it relied on one initially is not supported by the facts, because there is no evidence that American Family ever actually limited is denial to specific factual grounds.

Long seems to acknowledge this problem in his reply, admitting that American Family actually "made a general denial of coverage." Doc. 26 at 4. But he argues he is nevertheless entitled to summary judgment because American Family should not be permitted to issue a general denial and then rely on a more specific defense during litigation. But Long cites no authority for this argument.

---

[2] The Court notes a significant deficiency in Long's statement of uncontroverted facts. As evidentiary support for his factual allegations, Long almost exclusively cites to an order issued by the assigned magistrate judge regarding a motion for attorneys' fees and for mediation. Doc. 22 at 2-3. That order cited to Long's complaint to provide background. *See* Doc. 19 at 1-2. Although the complaint was proper as background in the context of that order, Long's complaint is not evidence for purposes of summary judgment. *See Williams v. McCallin*, 439 F. App'x 707, 710 (10th Cir. 2011) ("But the unverified complaint is not evidence."); *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings." (quoting *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006))); *see also* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."). Accordingly, Long's motion is almost entirely devoid of factual support, other than the letters discussed above.

Further, as American Family notes, the law permits American Family to do precisely what it did here. *See Hennes*, 813 F.2d at 1079-80 ("These cases establish that an insurer, basing a refusal to pay a loss entirely on one ground of forfeiture, could not then maintain a defense of forfeiture based [on] the violation of another <u>policy provision</u>." (emphasis added)). Here, American Family denied coverage and voided the policy based, at least in part, on the "concealment or fraud" <u>policy provision</u>.[3] *See* Doc. 22-1 at 4-6, 8-10. In litigation, it argues that Long violated that provision by failing to disclose his prior conviction and misrepresenting who actually owned the property.[4] *See* Doc. 29 at 4-5. Accordingly, the Court denies Long's motion for summary judgment on this issue and concludes that American Family is entitled to defend its decision based on Long's alleged misrepresentation of ownership, among other defenses.[5]

---

[3] The "concealment or fraud" provision states:
  3. Concealment Or Fraud
   a. This policy was issued in reliance upon the information and warranties in your insurance application. We may void this policy from its inception if you:
    1. concealed or misrepresented any material fact or circumstance; or
    2. made false statements;
   in your application.
   b. Coverage under Section I of this policy is not provided for any insured if, before or after a loss, any insured has
    1. concealed or misrepresented any material fact or circumstance;
    2. presented any altered or falsified document or receipt;
    3. engaged in fraudulent conduct; or
    4. made false statements;
   relating to this insurance or any claim under this policy.
Doc. 22-1 at 5. Other policy provisions were also cited. Although the pretrial order lists those provisions as possible sources of defenses, *see* Doc. 29 at 4-5, neither party discusses them in either motion, and thus any arguments regarding those provisions are not at issue.

[4] The pretrial order reflects a third defense—that Long's personal-property claim is false and fraudulent. Doc. 29 at 5. Neither party meaningfully addresses this defense or whether it is properly asserted, and thus the Court does not address it.

[5] Long alternatively argues in his reply that he is entitled to summary judgment because the undisputed facts demonstrate that Long did not misrepresent his ownership of the property. Doc. 26 at 5. But there are three problems with this argument. First, arguments raised for the first time in a reply are not proper. *See SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009). Second, Long's failure to factually support his motion complicates his request for a ruling based on undisputed facts, as discussed above in note 2. Third, in response to American Family's summary-judgment motion, discussed below, Long takes the position that this exact question is <u>disputed</u>. Doc. 32 at 7-8 ("In sum, there remain questions of material fact in this case that inhibit the entering of summary judgment in American Family's favor in regard to American Family's assertion that [Long's] claim is excluded from coverage as a result of his representation that he was the owner of the property in the application."). If it is disputed for

### 2. Kansas law does not bar American Family's defense regarding Long's failure to disclose his prior conviction, and even if it did, Long has failed to demonstrate he is entitled to summary judgment on this point.

Long's second argument is that American Family cannot rely on his alleged failure to disclose his prior felony conviction because it is immaterial as a matter of law under K.S.A. § 40-2205(c). Doc. 22 at 5-6. That provision states:

> The falsity of any material statement in the application for any policy covered by this act may not bar the right to recovery thereunder unless the false statement has actually contributed to the contingency or event on which the policy is to become due and payable: Provided, however, That any recovery resulting from the operation of this section shall not bar the right to render the policy void in accordance with its provisions.

K.S.A. § 40-2205(c). Long argues that, under this provision, his failure to disclose his past conviction cannot be used to deny him coverage because that misrepresentation did not contribute to the loss event at issue (a fire).

American Family argues that courts have consistently held that K.S.A. § 40-2205 only applies to insurance policies of accident and sickness, not property insurance. Doc. 24 at 11. The Court agrees that other courts have consistently held as much. *See Nat'l Bank of Andover v. Kan. Bankers Sur. Co.*, 225 P.3d 707, 717 (Kan. 2010) (stating that K.S.A. § 40-2205(c) "concerns policies of accident and sickness insurance"); *Gibson v. Metro. Life Ins. Co.*, 518 P.2d 422, 425 (Kan. 1974) ("By their own terms K.S.A. 40-2202, 40-2203, 40-2204, 40-2205, 40-2206 and 40-2207, as amended, taken together, apply only to accident and sickness policies issued and delivered to individuals, as distinguished from other types of accident and sickness policies mentioned later in the same article."); *Martin v. Mut. of Omaha Ins. Co.*, 422 P.2d 1009, 1010 (Kan. 1967) (noting that K.S.A. § 40-2205(c) was enacted to apply to health and sickness insurance); *Schneider v.*

---

purposes of American Family's motion, then it is likewise disputed for purposes of Long's motion. Accordingly, the Court rejects Long's argument that he is entitled to summary judgment on this issue.

*Wash. Nat'l Ins. Co.*, 437 P.2d 798, 808 (Kan. 1968) (same); *Van Enters., Inc. v. Avemco Ins. Co.*, 231 F. Supp. 2d 1071, 1086-87 (D. Kan. 2002) ("On their face, or implicitly, Sections 40-2202 through 40-2207 apply only to individual accident and sickness policies."); *Bookout v. Columbia Nat. Ins. Co.*, 2012 WL 4856985, at *1 (D. Kan. Oct. 12, 2012) ("[K.S.A. § 40-2205] applies only to accident and sickness policies.").[6] The Court finds no grounds to deviate from these holdings, particularly those of the Kansas Supreme Court. *First RepublicBank Dallas, N.A. v. City of Neodesha, Kan.*, 1989 WL 158035, at *6 (D. Kan. Dec. 11, 1989) ("In summary, this court is bound by a state's highest court interpretation of its own statutes.").

Long disputes these holdings, arguing that the plain language of K.S.A. § 40-2205(c) applies to "any policy covered by this act," not just to a "policy of accident and sickness insurance," which is specifically defined in another statute. *See* Doc. 26 at 7. But as noted above, the Kansas Supreme Court has held that K.S.A. § 40-2205 was enacted specifically to establish uniform policy provisions for health and sickness insurance. *Martin*, 422 P.2d at 1010. Thus, there is no inconsistency in reading "any policy <u>covered by this act</u>" as applying to policies for health and sickness only.

Long also argues that the authorities cited by American Family just happened to involve accident and sickness policies, but none stated explicitly that K.S.A. § 40-2205(c) <u>only</u> applies to those policies. Doc. 26 at 8. The Court disagrees. Many cases, including some of those relied on by American Family, specifically state that K.S.A. § 40-2205 "only" applies to accident and

---

[6] Although some decisions refer to "health and sickness" policies and others use the phrase "accident and sickness," this appears to be a distinction without a difference, especially here where the question is the applicability of K.S.A. § 40-2205(c) to a policy for property insurance.

sickness policies. *See Gibson*, 518 P.2d at 425;[7] *Van Enterprises*, 231 F. Supp. 2d at 1086-87; *Bookout*, 2012 WL 4856985, at *1.

The Court notes that Long cites no authority supporting his contention that K.S.A. § 40-2205(c) applies to property insurance. The Court therefore declines Long's invitation to nevertheless "read it to do so," Doc. 26 at 8, especially in light of 50 years of precedent to the contrary. And even if the Court were to conclude that K.S.A. § 40-2205(c) applies in this case, Long has failed to demonstrate it would apply in his favor. Long argues that, "[a]ssuming that [he] does have a 20-year-old conviction for possession of marijuana and that he did not include this information on his application for his policy with American Family, [his] alleged marijuana use did not contribute to the grease fire that caused his loss." Doc. 22 at 5-6. But this is nothing more than an unsupported factual assertion. As noted above in note 2, Long has failed to support his motion with any facts backed by evidence, including what caused or contributed to the fire. Accordingly, the Court is unable to conclude as a matter of law that K.S.A. § 40-2205(c) would bar American Family's defense on this issue.

### 3. Long's remaining argument was raised for the first time in his reply and is therefore not properly before the Court.

Finally, in his reply brief, Long argues for the first time that American Family has waived all defenses to its denial of Long's personal-property claim because it paid Long's brother for the loss of the house. Doc. 26 at 10-11. But arguments raised for the first time in a reply brief are not proper. *See SCO Grp., Inc.*, 578 F.3d at 1226. Thus, the Court does not reach this question and denies Long's motion for the reasons discussed above.

---

[7] The Court notes Long's argument that *Gibson* was focused on the application of certain statutes to <u>individual</u> policies of accident or sickness versus <u>group</u> policies of accident and sickness. Doc. 26 at 8. While that was the issue in *Gibson*, that decision clearly stated that K.S.A. § 40-2205 was enacted to "apply only to accident and sickness policies issued and delivered to individuals." *Gibson*, 518 P.2d at 425. The Court finds no room in that statement to expand the statute's coverage to property-insurance policies.

### B. American Family's Motion for Summary Judgment (Doc. 30)

The analysis in American Family's motion is limited to a half page in which it merely asserts that Long's claim is excluded from coverage because he made false and material misrepresentations on his insurance application. Doc. 31 at 5. American Family includes no meaningful analysis and fails to clearly identify the grounds on which it seeks summary judgment.[8] This in and of itself is grounds to deny American Family's motion.

In response to American Family's motion, Long asserts additional factual allegations addressing the alleged misrepresentations, including that he does not recall being asked about any prior convictions and that he disclosed on the application that his brother was the "Titleholder/Deedholder" of the property. Doc. 32 at 3. American Family did not file a reply and thus has not disputed those factual allegations. *See* D. Kan. Rule 56.1(b)(2) ("All material facts set forth in this statement of the non-moving party will be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party."). Accordingly, there is a factual dispute about whether Long actually made misrepresentations on the insurance application, and whether those misrepresentations were material. *See Am. States Ins. Co. v. Ehrlich*, 701 P.2d 676, 679 (Kan. 1985) ("Ordinarily, the materiality of a misrepresentation is a question for the trier of fact.").

Accordingly, American Family's motion for summary judgment is denied.

### IV. CONCLUSION

THE COURT THEREFORE ORDERS that Long's Motion for Summary Judgment (Doc. 21) is DENIED.

---

[8] Indeed, neither party adequately discusses the precise legal claims asserted by Long or analyzes—or even lists—the underlying elements. The Court notes that such generalized discussions of the issues and claims will not suffice when it comes time to instruct a jury.

THE COURT FURTHER ORDERS that American Family's Motion for Summary Judgment (Doc. 30) is DENIED.

IT IS SO ORDERED.

Dated: February 25, 2020 /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE